UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            :
MICHAEL PEREZ,                              :
                        Plaintiff,          :
                                            :    21 Civ. 11168 (LGS)
            -against-                       :
                                            :        ORDER
BUYK CORP., et al.,                         :
                        Defendants.         :
                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 21, 2022, Plaintiff filed a letter along with a proposed settlement agreement and attorney billing details in this action arising under the Fair Labor Standards Act ("FLSA"). The parties are required to explain why their settlement should be approved as "fair and reasonable" under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016), and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). It is hereby

**ORDERED** that approval of the settlement agreement is **DENIED** at this time. The parties' proposed settlement contains the following deficiency, which is in "tension with the remedial purposes" of FLSA, *Cheeks*, 796 F.3d at 206, and which must be addressed before the parties' settlement may be approved as fair and reasonable.

The proposed settlement agreement contains an overly broad and vague release provision. Section 1(a) of the Settlement Agreement states that Plaintiff agrees to not file, and that there has not been filed, "any other claims, actions or other proceedings" against Defendant Food Start Inc., or a long list of related persons and entities, "at any time in the future arising out of any facts that are known to exist or that may exist through and including the date of execution of this Release regarding the payment of wages during or after employment." Section 1(c) applies to "every claim, demand, cause of action, charge and grievance related to claims regarding the

payment of wages against Releasees," and Section 1(d) applies to all "claims regarding the payment of wages."

The scope of the release provision -- for example, "the payment of wages during or after employment" -- must be narrowed. A settlement release under *Cheeks* must be expressly tailored to the plaintiff's wage and hour issues in the immediate action. *See, e.g.*, *Cheeks*, 796 F.3d at 206 (finding that "overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage and hour issues" highlighted the need for judicial review of settlement agreements in light of potential abuse) (citation omitted); *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (waivers should be limited to the claims at issue in the action); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647, 2016 WL 3637103, at *1 (S.D.N.Y. June 29, 2016) (declining to approve settlement with release that went beyond "wage-and-hour issues" in immediate action). Accordingly, the settlement agreement is not approved in its current form.

For example, this Court has previously approved a release that states, "Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants . . . for any and all charges, complaints, claims, causes of action . . . which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the wage and hour claims in the Litigation that have occurred as of the Effective Date of this Agreement." It is further

**ORDERED** that, by **October 24, 2022**, the parties shall file a letter informing the Court whether they choose to amend the settlement agreement or proceed with the litigation, and if the former, shall file an amended agreement addressing the deficiency above.

Dated: October 3, 2022
New York, New York

2

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**